HELEN JUSTICE FAST v. DONALD GULLEY, EXECUTOR UNDER THE LAST WILL AND TESTAMENT OF OLIVER T. JUSTICE, DECEASED, AND MRS. OLIVER T. JUSTICE.

(Filed 24 July, 1967.)

**1. Appeal and Error § 57—**

Findings of fact by the trial court which are supported by competent evidence are conclusive on appeal.

**2. Courts § 20—**

The interpretation of a contract is governed by the law of the place where the contract was made, and the place at which the last act was done by either of the parties essential to a meeting of the minds determines the place of the contract.

**3. Contracts § 12; Estates § 9—**

Plaintiff and her father agreed to hold certain shares of stock "as joint tenants with the right of survivorship and not as tenants in common." The law of the state where the agreement was made recognized joint tenancy in personalty with right of survivorship. *Held:* Upon the father's death, plaintiff took title as the survivor.

APPEAL by plaintiff and defendants from *Braswell, J.*, 2 September 1966 Regular Civil Session of WAKE.

Civil action to have plaintiff declared the sole owner of stock and that defendants be required to deliver the certificates of said stock in their possession to her.

Helen Justice Fast is the only child and daughter of Oliver T. Justice and his first wife Anna M. Justice. Her mother died in 1949. Oliver T. Justice married a second time and died testate a resident of Wake County, North Carolina.

The parties in open court waived trial by jury and agreed that the court might find the facts, make conclusions of law, and render judgment accordingly.

Pursuant to agreement the court made the following findings of fact:

"That pursuant to agreement between Helen J. Fast and Oliver T. Justice, as contained in Pages 3 and 4 of Deposition of Dora W. Vellenoweth, introduced by plaintiff, the Farmers and Mechanics National Bank of Woodbury, New Jersey, did on June 21, 1951, cause fifty shares of Pittsburgh Plate Glass Company capital stock, Certificate No. NY033877, and ten shares of United States Steel Corporation Common stock, Certificate No. P706238, to be issued with name of owner as follows: 'Oliver T. Justice and Helen Justice Fast, as joint tenants with the right of survivorship and not as tenants in common'; that said transaction is identifiable and traceable through Plaintiff's Exhibit No. 2, being Safe Keeping Receipt No. 02206;

"That said certificates have been at all times since their issuance in the possession of Oliver T. Justice or his estate, and at no time have they been in the physical possession of the plaintiff, Helen Justice Fast;

"That there has been introduced in evidence United States Steel Corporation stock certificate No. X182083, dated May 31, 1965; Pittsburgh Plate Glass Company stock Certificate No. PO26171, dated December 21, 1955; Pittsburgh Plate Glass Company stock Certificate No. PO90806, dated December 20, 1960; Pittsburgh Plate Glass Company stock Certificate No. PO138184, dated January 19, 1962; Pittsburgh Plate Glass Company stock Certificate No. PO16048, dated January 21, 1963; and Pittsburgh Plate Glass Company stock certificate No. PO60111, dated December 21, 1959; that although these said certificates were introduced in evidence by the plaintiff, that it was stipulated by the parties that the same had at all times been kept and maintained in the possession of Oliver T. Justice, or the possession of his Executor for the Estate, and at no time has any of them been in the possession of Helen Justice Fast."

Based upon these findings of fact, the court made the following conclusions of law:

"(T)here was an intent on June 21, 1951, by and between Oliver T. Justice and Helen Justice Fast, to create a joint tenancy, with right of survivorship in the stock referred to upon Safe Keeping Receipt No. 002206; that Oliver T. Justice is now deceased; that Helen Justice Fast is his survivor; and that under the substantive law of the State of New Jersey that Helen Justice Fast is now the owner of and entitled to the immediate possession of the said fifty shares of Pittsburgh Plate Glass Company capital stock No. NY033877, and ten shares of United States Steel Corporation common stock No. P70623, and that

Helen Justice Fast has no legal interest in any of the other stock referred to above in this judgment; that there has been insufficient evidence offered to prove that Helen Justice Fast has any ownership in the other Certificates mentioned above in this judgment; that even if we assume that there is an inference that some of them may have come about by way of stock splits or dividends that there is no legal proof thereof in this case; and that, therefore, the Estate of Oliver T. Justice is the owner of, entitled to the possession and use of, said stock in keeping with the terms and provisions of the last will and testament of Oliver T. Justice; and that said Estate now is the sole owner of the following shares of stock: United States Steel Corporation No. X182083, and Pittsburgh Plate Glass Company shares numbers PO26171, PO90806, PO138184, PO160849, PO60111."

Based upon his findings of fact and his conclusions of law, Judge Braswell

"ORDERED, ADJUDGED AND DECREED, that Helen Justice Fast is the owner of Pittsburgh Plate Glass Company stock No. NY033877, and No. P706238; and that the Estate of Oliver T. Justice, subject to the terms and provisions of his last will and testament, is the owner of United States Steel Corporation stock Certificate No. X182083, and Pittsburgh Plate Glass Company stock Certificate Nos. PO26171, PO90806, PO138184, PO160849, and PO60111.

"IT IS FURTHER ORDERED AND DIRECTED that Donald Gulley, as Executor of the Estate of Oliver T. Justice, and Mrs. Oliver T. Justice is hereby directed to turn over and deliver unto Helen Justice Fast the aforesaid Pittsburgh Plate Glass Company Certificate No. NY033877, and United States Steel Corporation Certificate No. P706238. The remaining stock certificates herein described are ORDERED RETURNED TO THE SAID Executor.

"Let court costs be taxed against the defendant."

From this judgment, both plaintiff and defendants appealed.

Plaintiff through her counsel filed in this Court a written motion on 21 March 1967 that she be allowed to withdraw her appeal. The Court allowed this motion by order in conference on 28 March 1967.

On 31 March 1967 counsel for the defendants filed a written motion in this Court stating that since the defendants' appeal was docketed in this court the defendant Donald Gulley, Executor under the

last will and testament of Oliver T. Justice has died, and that Edward Paschal has been duly appointed administrator *de bonis non cum testamento annexo* of his estate, and prayed the Court that he be made a party defendant in this action. This order was allowed by the Court in conference the first day of July 1967.

*Mordecai, Mills and Parker for defendant appellants.*
*Sanford and Cannon by Charles G. Rose, III, for plaintiff appellee.*

PARKER, C.J.    Defendants have two assignments of error to the admission of evidence. The evidence was clearly admissible, and these assignments of error are overruled. Defendants' assignments of error to the findings of fact by Judge Braswell are overruled, for the simple reason that they are supported by competent evidence.

The agreement or contract between Helen J. Fast and her father Oliver T. Justice was entered into in the State of New Jersey, as shown by the finding of fact. In interpreting a contract made outside of this State our courts long ago established the principle that the law of the country where the contract is made is the rule by which the validity of it, its exposition, and consequences are to be determined. *Watson v. Orr,* 14 N.C. 161; *Anderson v. Doak,* 32 N.C. 295; *Williams v. Carr,* 80 N.C. 294; *Hall v. Telegraph Co.,* 139 N.C. 369, 52 S.E. 50.

In *Cannaday v. Railroad,* 143 N.C. 439, 55 S.E. 836, Justice Connor, speaking for the Court, explained this principle at some length as follows:

> "It is settled that 'Matters bearing upon the execution, interpretation and validity of a contract are determined by the law of the place where it is made.' *Scudder v. Nat. Union Bank,* 19 U.S. 406. 'The interpretation of a contract and the rights and obligations under it, of the parties thereto, are to be determined in accordance with the proper law of the contract. *Prima facie* the proper law of the contract is to be presumed to be the law of the country where it is made.' Dicey Conft. Law, 563. Bowen, L. J., in *Jacobs v. Credit Lyonnais,* 12 Q.B. 589, says: 'It is generally agreed that the law of the place where the contract is made is *prima facie* that which the parties intended, or ought to be presumed to have adopted, as the footing upon which they dealt, and that such law ought, therefore, to prevail in the absence of circumstances indicating a different intention.' 9 Cyc. 667."

Accord, *Keesler v. Ins. Co.,* 177 N.C. 394, 99 S.E. 97 (1919); *Bundy v. Commercial Credit Co.,* 200 N.C. 511, 515, 157 S.E. 860 (1931). A

recent case, *Roomy v. Allstate Ins. Co.*, 256 N.C. 318, at 322-23, 123 S.E. 2d 817 (1962), reiterates the now well-established rule in North Carolina by citing *Cannaday v. Railroad, supra,* and quoting with approval the portion of Justice Connor's opinion set forth above.

Competent evidence in the record shows that the plaintiff Helen J. Fast and the testator Oliver T. Justice intended between themselves in New Jersey on 21 June 1951 that the 50 shares of Pittsburgh Plate Glass Company capital stock, Certificate No. NY033877 and the 10 shares of United States Steel Corporation common stock, Certificate No. P706238 should be issued with the name of owner as follows: "Oliver T. Justice and Helen Justice Fast, as joint tenants with the right of survivorship and not as tenants in common," as shown by Judge Braswell's finding of fact. Both the testimony of Helen J. Fast and the deposition of Dora W. Vellenoweth show that New Jersey was the place where the last act of the parties was performed which resulted ultimately in the issuing of the stock certificates as above stated.

In *Bundy v. Commercial Credit Co., supra,* our Court said:

> "Moreover, it is a generally accepted principle that 'the test of the place of a contract is as to the place at which the last act was done by either of the parties essential to a meeting of minds. Until this act was done there was no contract, and upon its being done at a given place, the contract became existent at the place where the act was done. Until then there was no contract.' [Citing authority.]"

Appellants in their brief contend that there exists in this case an *inter vivos* gift which fails for lack of donative delivery, and rely upon *Buffaloe v. Barnes*, 226 N.C. 313, 38 S.E. 2d 222. In our opinion, and we so hold, the principle of an *inter vivos* gift as discussed in *Buffaloe v. Barnes, supra,* is not here involved, but rather the question is: Is there a right of survivorship in a joint tenancy under the law of the State of New Jersey?

New Jersey Statutes Annotated, § 46:3-17, reads as follows:

> "From and after February fourth, one thousand eight hundred and twelve, no estate shall be considered and adjudged to be an estate in joint tenancy, except it be expressly set forth in the grant or devise creating such estate that it was or is the intention of the parties to create an estate in joint tenancy and not an estate of tenancy in common, any law, usage, or decision theretofore made, to the contrary notwithstanding."

It clearly and affirmatively appears from Judge Braswell's findings of fact that it was the intention of plaintiff and her father to

create a joint tenancy with the right of survivorship and not as tenants in common in respect to the 50 shares of Pittsburgh Plate Glass Company capital stock and the 10 shares of the United States Steel Corporation common stock as set forth above. Such being the case, it is the law in the State of New Jersey, as we understand it, that Helen J. Fast and her father became in respect to this stock joint tenants, and hence with the right of survivorship for the reason that "the incident of survivorship exists by implication in a joint tenancy." *Burlington County Trust Co. v. Di Castelcicala,* 2 N.J. 214, 66 A. 2d 164, at 168.

*Shearin v. Allen,* 137 N.J. Eq. 276, 44 A. 2d 210, at 211, involved the construction of a will with a devise and bequest by testator of all her property, real, personal, and mixed, which she may own or have the right to dispose of at the time of her death unto .her sister and unto her brother "to have and to hold the same in equal shares as joint tenants and not as tenants in common." The Court in the unanimous opinion affirmed for the reasons expressed in the opinion of Vice-Chancellor Lewis, who said:

> "The words 'in equal shares' standing alone create a gift in severalty with all donees taking as tenants in common. But the will under consideration provides that donees should take 'as joint tenants and not as tenants in common.' The donees under this will took as joint tenants with the right of vesting the whole interest in the survivor who does not die before the testator."

The court properly overruled defendants' motion for judgment of compulsory nonsuit. All defendants' assignments of error have been carefully considered and all are overruled.

We have received valuable help from the excellent brief of plaintiff's counsel in this case.

The judgment of Judge Braswell is

Affirmed.