SUPERSCOPE, INC. AND MARANTZ PIANO COMPANY, INC. v. DENNIS KINCAID

No. 8125SC619

(Filed 6 April 1982)

**Mortgages and Deeds of Trust § 19.6— injunction to enjoin foreclosure proceeding — withholding payments on note due to breach of employment agreement — denial of injunctive relief improper**

    In an action in which plaintiffs alleged that defendant, who had sold his interest in a piano company to plaintiffs in exchange for a note and deed of trust in the amount of $2,979,042 and who was hired by plaintiff under a three-year employment contract as president of the piano company, had violated his employment contract and breached the fiduciary duties owed plaintiffs, the trial court erred in denying plaintiffs' motion for a preliminary injunction to enjoin foreclosure proceedings instituted by defendant until resolution of the action against defendant. Plaintiffs' evidence indicated a likelihood that they would be able to establish that they were entitled to withold payments on the note to defendant since defendant breached his employment agreement, and injunctive relief was necessary to protect plaintiffs' rights pending resolution of the original litigation.

APPEAL by plaintiffs from *Ferrell, Judge.* Order entered 27 February 1981 in Superior Court, BURKE County. Heard in the Court of Appeals 10 February 1982.

In its complaint plaintiff Superscope alleged that in July 1978, pursuant to a stock purchase agreement, it had purchased

all of the outstanding stock of Marantz Piano Company (formerly Grand Piano Company) from defendant and members of his family. Superscope gave defendant, as the shareholders' agent, a note and deed of trust in the amount of $2,979,042 for the balance due on the sales price of the stock. A security agreement gave defendant a security interest in all personal property of Marantz. Defendant was hired by Superscope under a three-year employment contract as President and Chief Operating Officer of Marantz.

Plaintiffs alleged that defendant had violated his employment contract and breached the fiduciary duties owed plaintiffs. They prayed for $62,000 in damages and asked that the total amount of damages be trebled for defendant's unfair trade practices.

In his answer defendant denied all material allegations in the complaint. In his counterclaim he alleged breach of the employment contract by Superscope, Superscope's failure to pay defendant for stock pursuant to the terms of the note, and abuse of process.

After plaintiffs had instituted this action against defendant, defendant began a foreclosure proceeding against Marantz, alleging default on the note and deed of trust. Plaintiffs moved for a temporary restraining order and preliminary injunction to enjoin the foreclosure proceeding on the grounds of immediate and irreparable harm. In support of their motion plaintiffs presented the affidavit and testimony at the hearing of Anthony Blazina, Vice-President of Superscope and Executive Vice-President of Marantz. Blazina described the details of defendant's misappropriation of funds, mismanagement of the company and other actions constituting breach of his employment contract and of his fiduciary duties. He stated that Marantz withheld payment on the note to defendant for damages caused by defendant and that Marantz had paid all the other shareholders their pro-rata share under the stock purchase agreement (except for defendant's brother, Joseph Kincaid, against whom an additional claim is pending).

Defendant submitted his affidavit in opposition to the motion in which he averred that plaintiffs were experiencing severe financial difficulties and that since the rate of interest (8%) on the note was well below the current rate, he had sustained substantial losses as a result of plaintiffs' failure to pay the indebtedness.

By order dated 27 February 1981, the court found there was no showing of irreparable injury and denied plaintiffs' motion for preliminary injunction. Plaintiffs appeal. Further action on the foreclosure proceeding has been stayed pending appeal.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston by William L. Rikard, Jr., and Elizabeth S. Love for plaintiff appellants.*

*Byrd, Byrd, Ervin, Blanton & Whisnant by John W. Ervin, Jr., for defendant appellee.*

CLARK, Judge.

The sole issue presented to us for review is whether the court erred in denying plaintiffs' motion for a preliminary injunction to enjoin the foreclosure proceedings pending resolution of the action against defendant.

The burden is on plaintiffs to establish their right to a preliminary injunction. In order to justify issuance of a preliminary injunction, plaintiffs must show a likelihood of success on the merits of their case and either that they are likely to sustain irreparable loss unless the injunction is issued or that issuance is necessary for the protection of plaintiff's rights during the course of litigation. *Pruitt v. Williams*, 288 N.C. 368, 218 S.E. 2d 348 (1975). Issuance of an injunction is a matter of discretion to be exercised by the trial court, after weighing the equities and the advantages and disadvantages to the parties. Its purpose is to preserve the *status quo* until trial can be had on the merits. *Huskins v. Hospital*, 238 N.C. 357, 78 S.E. 2d 116 (1953). On appeal from an order granting or denying a preliminary injunction, this Court is not bound by the findings of fact of the trial court, but may review and weigh the evidence and find the facts for itself. *Pruitt v. Williams, supra.*

We think that plaintiffs' evidence was sufficient to show the likelihood of success at trial on the merits. Their evidence tends to show the following: that defendant violated company policies concerning reimbursement for business-related travel, entertainment and car expenses; that he retained duplicate checks for his salary that he was mistakenly issued due to clerical error; that he breached his fiduciary duties owed to the company and breached

his employment contract by not withdrawing as shareholder of firms doing business with plaintiffs and by conducting business with these firms to the profit and advantage of the other firms. The company's profits and goodwill suffered due to his inattention to his managerial duties and responsibilities and by the lack of inventory controls in his operation of the company.

The deed of trust executed by plaintiff Marantz specifically incorporates by reference the terms of the stock purchase agreement. In the stock purchase agreement defendant promised to use his "best efforts" to preserve the business and goodwill of the company. The promissory note also specifically recites that it is subject to the terms of the stock purchase agreement:

"This Promissory Note is issued under and is subject to all of the terms and conditions of the Agreement [stock purchase agreement] and all documents executed and delivered in connection therewith, and is secured by a Security Agreement as described in Article 3.5 of the Agreement and delivered to Payee pursuant to said Agreement.

*The obligations of the undersigned to pay said installments shall be subject to the obligations of the parties as provided in the Agreement.*" (Emphasis added.)

The forecast of plaintiffs' evidence, therefore, indicates a likelihood that they will be able to establish that they were entitled to withhold payments on the note to defendant since defendant breached his employment agreement, his fiduciary duties and the stock purchase agreement.

Turning to the second element which must be proved by plaintiffs, we find that injunctive relief is necessary to protect plaintiffs' rights pending resolution of the original litigation. The note and security deed of trust, which defendant seeks to foreclose, were a part of the transaction involving the sale to plaintiffs of all the outstanding stock of Marantz Piano Company by defendant and others. The transaction included an employment contract in which defendant was hired as President and Chief Operating Officer of the piano manufacturing business. The defendant in his answer and counterclaim, filed 26 September 1980, alleged breach of the employment contract and default on the note secured by the deed of trust. Plaintiffs in their reply denied

the failure to pay defendant his pro-rata share which he claimed was due on the note. The defendant in January 1981 sought a foreclosure under the power of sale in the deed of trust as provided by Article 2A, Chapter 45, General Statutes of North Carolina. If not protected by issuance of a temporary injunction the plaintiffs would have to pay the sum claimed, though at issue in this litigation, to avoid foreclosure sale of the corporate property described in the deed of trust.

In *Investors, Inc. v. Berry*, 293 N.C. 688, 239 S.E. 2d 566 (1977), plaintiffs brought an action to have declared void a default judgment which established a laborer's and materialmen's lien on the property owned by plaintiffs. The trial court refused to grant to plaintiffs a preliminary injunction prohibiting sale of the lands under execution issued on that judgment. The Supreme Court ruled that the trial court erred in denying the preliminary injunction because plaintiffs had sufficiently shown the likelihood of success upon the trial of their case on its merits and that injunctive relief was necessary for the protection of the plaintiffs' property during the course of the litigation in order to avoid the creation of a cloud on title.

Where an injunction is sought to restrain the sale of property upon a deed of trust or other lien, and there is a serious controversy as to default or the amount due, the courts in North Carolina have generally continued the injunction to the final hearing. *See Realty Corp. v. Kalman*, 272 N.C. 201, 159 S.E. 2d 193 (1967); *Smith v. Bank*, 223 N.C. 249, 25 S.E. 2d 859 (1943); *Teeter v. Teeter*, 205 N.C. 438, 171 S.E. 620 (1933); *Wentz v. Land Co.*, 193 N.C. 32, 135 S.E. 480 (1927); *Sanders v. Insurance Co.*, 183 N.C. 66, 110 S.E. 597 (1922); 9 Strong's N.C. Index 3d *Mortgages and Deeds of Trust* § 19.5 (1977).

We concede that the case before us differs from the line of cases cited above in that plaintiffs' claim is unliquidated and based on breach of the management contract rather than the usual controversy over default or the amount paid on the debt, but it is clear in this case that the promissory note, deed of trust, security agreement, and employment agreement, were signed at the same time and related to the same subject matter. Under these circumstances these instruments must be construed together as part of the same transaction. The record on appeal

reveals a bona fide controversy arising under this transaction, a controversy that should be resolved before there is a foreclosure sale of the corporate property which was the subject of the transaction. The order denying the preliminary injunction is

Reversed.

Judges ARNOLD and WHICHARD concur.