WALLACE BUTTS INSURANCE AGENCY, INC. v. TOMMY RUNGE

No. 8310SC593

(Filed 1 May 1984)

**1. Injunctions § 13— standard for issuance of preliminary injunction**
    A preliminary injunction should not be issued unless the plaintiff shows both (1) likelihood of success on the merits of the case, and (2) that he is likely to sustain irreparable harm unless the injunction is issued or that the injunction is necessary to protect his rights during litigation.

Wallace Butts Ins. Agency v. Runge

**2. Injunctions § 13— preliminary injunction—discretion of court**

    Generally, issuance of a preliminary injunction is a matter of discretion to be exercised by the court after weighing the equities and the relative advantages and disadvantages to the parties.

**3. Courts § 21.7— validity of contract entered in Georgia—Georgia law applicable**

    The law of Georgia governed the validity of a covenant not to compete in an employment contract which was entered in that state.

**4. Contracts § 7.1; Master and Servant § 11.1— covenant not to compete void under Georgia law**

    A covenant not to compete contained in a contract employing defendant to sell credit life insurance in the state of Georgia was overly broad and unnecessary to protect the employer and was thus void under Georgia law where it barred defendant from employment in any capacity by a company which sells credit life or accident insurance and from participating in or being in any manner connected with the ownership, management, operation or control of a credit life or accident insurance company, and where plaintiff employer was operating in areas greater than those in which it operated when defendant was originally employed.

**5. Injunctions § 10.1— enjoining prosecution of South Carolina lawsuit**

    The trial court properly ruled that plaintiff employer's commencement of an identical suit in South Carolina to enforce a covenant not to compete only minutes after a North Carolina court entered an order dissolving a temporary restraining order and denying a preliminary injunction prohibiting a violation of the covenant was intentionally calculated to harass defendant and frustrate the denial of injunctive relief, and the trial court's order enjoining plaintiff employer from proceeding with the South Carolina lawsuit pending the outcome of the North Carolina action was proper.

APPEAL by plaintiff from *Bailey, Judge.* Orders entered 25 February 1983 and 7 March 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 5 April 1984.

Defendant was employed to sell credit life insurance by plaintiff's predecessor corporation in the state of Georgia. His contract of employment contained a covenant not to compete upon termination of employment.

Subsequent to 5 August 1975, Wallace Butts Insurance Agency, Inc., plaintiff's predecessor, merged with plaintiff, a North Carolina corporation; and all employment contracts became a part of the North Carolina corporation. Thereafter, defendant terminated his employment and was employed in South Carolina in the sale of credit life insurance, calling on existing accounts and customers of the plaintiff.

Plaintiff sought and received a temporary restraining order prohibiting defendant's employment in the credit life insurance business, and sought damages pursuant to G.S. 75-16 and G.S. 75-16.1. The trial judge entered an order dissolving the temporary restraining order based on his conclusion that the restrictive covenant is unenforceable as a matter of Georgia law. The judge subsequently enjoined plaintiff from proceeding with a lawsuit in South Carolina involving the same matter pending the outcome of the North Carolina action. Plaintiff appeals this interlocutory action under G.S. 7A-27(d) and G.S. 1-277(a).

*Reynolds & Cox, P.A., by Ted R. Reynolds and Maria J. Mangano for plaintiff appellant.*

*House, Blanco & Osborn, P.A., by Lawrence U. McGee and John S. Harrison; and Sanford, Adams, McCullough & Beard, by E. D. Gaskins, Jr. and H. Hugh Stevens, Jr. for defendant appellee.*

HILL, Judge.

Plaintiff contends the restraining order was improvidently dissolved because (1) defendant was interfering with a substantial right of plaintiff, and (2) the court's finding the covenant to be unenforceable "as a matter of law" in effect decides the action. Plaintiff asserts the order was erroneous both procedurally and substantively. We do not agree and overrule plaintiff's first assignment of error.

[1, 2] The standard for issuance of a preliminary injunction is well settled: A preliminary injunction should not be issued unless the plaintiff shows both (1) likelihood of success on the merits of the case; and (2) that he is likely to sustain irreparable harm unless the injunction is issued, or that the injunction is necessary to protect his rights during litigation. *Investors, Inc. v. Berry,* 293 N.C. 688, 239 S.E. 2d 566 (1977); *Waff Bros. v. Bank,* 289 N.C. 198, 221 S.E. 2d 273 (1976). Generally, issuance of a preliminary injunction is a matter of discretion to be exercised by the court after weighing the equities and the relative advantages and disadvantages to the parties. *Superscope, Inc. v. Kincaid,* 56 N.C. App. 673, 289 S.E. 2d 595, *disc. rev. denied,* 305 N.C. 592, 292 S.E. 2d 14 (1982).

[3] The employment agreement between the insurance agency and defendant was entered into in the state of Georgia. Consequently, the lex loci contractus rule which the courts of this State consistently have followed is applicable. See *Land Co. v. Byrd*, 299 N.C. 260, 261 S.E. 2d 655 (1980); see also *Fast v. Gulley*, 271 N.C. 208, 155 S.E. 2d 507 (1967).

In Georgia, a covenant not to compete ancillary to an employment contract is void and unenforceable unless "it is strictly limited in time and territorial effect and is otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee." *Howard Schultz & Assoc. v. Broniec*, 239 Ga. 181, 183, 236 S.E. 2d 265, 267 (1977).

[4] The contract into which the parties entered originally contained the following non-competition clause:

> *Restrictive Covenants.* After terminating his employment with the Agency [plaintiff herein] the Employee shall not for a period of one (1) year thereafter *within the sales area within which he has been operating*, own, manage, control, operate, *be employed by or participate in or be in any manner connected with the ownership, management, operation or control of any business in the sale of credit life or credit accident insurance or any other insurance sold by the Agency.* (Emphasis ours.)

A careful reading of the restrictive covenant leads us to the conclusion that the limitations imposed on the defendant are overly broad and unnecessary to protect the employer. The defendant is barred from employment *in any capacity* by a company which sells credit life and/or health insurance. Nor can the defendant participate in or be *in any manner connected with* the ownership, management, operation or control of a credit or health insurance company. Such limitations could, if enforced, compel the defendant to seek employment completely alien to his life's work or to move outside the area not only where plaintiff was operating at the time of employment but any other areas added thereafter. In this case the plaintiff was a North Carolina corporation which was operating in areas greater than those of the Georgia corporation which originally employed the defendant. This merger plus others could tend to limit the area and opportunity for employment by the defendant unreasonably; and defendant could do nothing to

protect himself if the covenant is enforced. By merger or subsequent expansion the employer could move into territories never suspected by the employee when first employed. We therefore adjudge the trial judge was correct in concluding the contract was unenforceable as a matter of law.

Nor do we find error by the trial judge procedurally in determining the covenant was unenforceable as a matter of law. The case-in-chief was not before the court—only the ancillary matter of the restraining order. Nevertheless, the judge in ruling on the motion for the restraining order must consider the likelihood of success on the merits of the case. It was entirely proper for the judge in his discretion to consider this matter in weighing the equities and relative advantages and disadvantages to the parties. Plaintiff's first assignment of error is overruled.

[5] By its second assignment of error plaintiff argues the court erred in ruling that the commencement of an identical suit in South Carolina was intentionally calculated to harass the defendant and frustrate the court's original denial of injunctive relief.[1] We conclude the court ruled correctly and affirm its action.

In connection with the issuance of the restraining order on 7 March 1983, the trial court made *inter alia* the following findings of fact to which no objections were made by the plaintiff:

> 2. The Temporary Restraining Order was dissolved and the request for preliminary injunctive relief was denied by the Honorable James H. Pou Bailey on the morning of February 25, 1983, on the grounds that the covenant is invalid as a matter of law.

> 3. Without giving notice of appeal regarding the Court's ruling the plaintiff, at the conclusion of the hearing before the Court, caused at 11:56 a.m. on February 25, 1983, an action to be instituted in the South Carolina state courts which

---

1. Plaintiff presents a curious argument in its brief. In its Statement of Case on this point based on defendant's affidavits to operate solely in South Carolina, plaintiff says: "It was and remains, Plaintiff's intention to voluntarily dismiss this North Carolina action. . . ." In its argument plaintiff says: "The record reflects that Plaintiff is willing to consent to a stay of the North Carolina proceedings pursuant to N.C.G.S. 1-75.12 pending the outcome of the South Carolina action. . . . Plaintiff has become progressively aware of the appropriateness and logic of bringing suit in South Carolina." Yet plaintiff pursues its appeal.

is substantially identical to the North Carolina action and in which the plaintiff again moved for injunctive and compensatory relief.

4. On March 2, 1983, the plaintiff caused a Notice of Motion for a Preliminary Injunction hearing to issue, in the South Carolina suit, which notice was served on defendant on March 3, 1983. If no injunctive relief is granted by this court, the defendant will be required to appear in the Court of Common Pleas of Lexington County, South Carolina, to respond to plaintiff's motion for a preliminary injunction and will otherwise be required to respond to the plaintiff's South Carolina action.

5. The defendant filed his Answer and Counterclaim to the North Carolina action on March 3, 1983.

6. The filing of the subsequent action in South Carolina by the plaintiff is an attempt to subvert and circumvent the jurisdiction of this court, which duly attached when plaintiff filed its action and moved for preliminary injunctive relief. Plaintiff is incorporated under the laws of the State of North Carolina and does business herein; it chose this forum; it availed itself of the benefits of this Court; its contractual rights may be fully adjudicated here; and it must, therefore, accept whatever burdens arise as a result of its selection of this forum. Defendant does not contest or oppose the exercise of jurisdiction by this Court.

7. The South Carolina action is a willful and wanton attempt to vex, annoy, and harass the defendant and to interfere with his gainful employment and is calculated to subject him to oppression and irreparable injury.

8. The plaintiff is instigating the South Carolina action in violation of the defendant's rights as declared by the Court's Order of February 25, 1983 and seeks to frustrate the Court's Order and render it ineffectual. Moreover, by seeking in a South Carolina court the very relief denied by the Court, plaintiff is engaging in the most blatant sort of "forum shopping."

9. The law of North Carolina provides that an injunction may issue against a litigant when an attempt is made to sub-

sequently prosecute an identical action in an effort to subvert the rulings of the courts of this State and subject the defendant to unreasonable and vexatious burdens. . . .

The plaintiff made no objections to the findings. Rather it states that it had no knowledge prior to the hearing in the first cause that defendant intended to limit his activities to the State of South Carolina. The record reveals otherwise. A copy of the complaint filed in the Court of Common Pleas in South Carolina reveals that it was verified 18 February 1983 by the chairman of the board of plaintiff corporation, a full week prior to the preliminary injunction hearing in North Carolina on 25 February 1983. The action was filed in the Court of Common Pleas at 11:56 a.m. on 25 February 1983, only a few minutes after the hearing in North Carolina was concluded. It is apparent that plaintiff was ready to file the action in South Carolina if the court rendered an unfavorable ruling in North Carolina. Had the trial judge not entered the restraining order on 2 March 1983, the defendant would be forced to defend two lawsuits in separate states involving the same subject matter, resulting in vexation, harassment, annoyance, and great expense. See *Childress v. Motor Lines*, 235 N.C. 522, 531, 70 S.E. 2d 558, 565 (1952).

The decision of the trial judge is

Affirmed.

Judges HEDRICK and JOHNSON concur.