840 F.2d 249
 STERLING FOREST ASSOCIATES, LTD., a Georgia limited
partnership, Plaintiff- Appellee,
v.
BARNETT-RANGE CORPORATION, a corporation; Hal W. Barnett, a
natural person; James E. Range, a natural person,
Defendants-Appellants,
and
Far West Savings and Loan Association, a banking
association, Defendant.
 No. 87-2514.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 6, 1987.
Decided Feb. 26, 1988.
 
 1
 David Paul Sousa (Joseph C. Moore, Jr., Young, Moore, Henderson & Alvis, P.A., Raleigh, N.C., on brief), for defendants-appellants.
 
 
 2
 John Carl Schafer, Charles Gordon Brown (Faison, Brown, Fletcher & Brough, Durham, N.C., on brief), for plaintiff-appellee.
 
 
 3
 Before RUSSELL and WILKINS, Circuit Judges, and VAN GRAAFEILAND, Senior Circuit Judge for the Second Circuit, sitting by designation.
 
 
 4
 VAN GRAAFEILAND, Senior Circuit Judge, Sitting by Designation:
 
 
 5
 This is an appeal from an order of the United States District Court for the Eastern District of North Carolina, 673 F.Supp. 1394, Boyle, J., denying enforcement of a forum selection clause in a Purchase Agreement that was drafted in California. The Agreement provided that Sterling Forest Associates, Ltd. (Sterling), a Georgia limited partnership, would purchase a tract of land in North Carolina, and Barnett-Range Corporation (Barnett), a California corporation, would build an apartment complex on it. Differences arose, with the result that Sterling brought this action in North Carolina and Barnett then sued Sterling in California. The portion of the Purchase Agreement with which we are concerned reads as follows:
 
 
 6
 This Agreement shall be construed and enforced in accordance with the laws of the State of California and the parties agree that in any dispute jurisdiction and venue shall be in California.
 
 
 7
 Relying on this clause, Barnett moved pursuant to 28 U.S.C. Sec. 1404 to have this action transferred to the United States District Court for the Eastern District of California. When its motion was denied, Barnett appealed.
 
 
 8
 Prior to the Supreme Court's decision in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the majority rule in American courts was that forum selection clauses were invalid and unenforceable. 56 A.L.R.2d 300, 306. The reasons generally given for these holdings were that enforcement would deprive a court of jurisdiction vested in it by law and would be contrary to public policy. Id. at 311-12. Rejecting this reasoning, the Bremen Court held that forum selection clauses are prima facie valid and should be enforced when made in arms-length transactions by sophisticated businessmen, absent some compelling and countervailing reason. 407 U.S. at 9-12, 92 S.Ct. at 1912-14.
 
 
 9
 This Court has expressed its adherence to the Bremen rule on several occasions, recognizing as it did so that the rule is applicable to domestic commercial cases. See, e.g., Bryant Electric Co. v. City of Fredericksburg, 762 F.2d 1192, 1196-97 (4th Cir.1985); Mercury Coal & Coke, Inc. v. Mannesmann Pipe and Steel Corp., 696 F.2d 315, 317-18 (4th Cir.1982). California also follows Bremen. Smith, Valentino & Smith, Inc. v. Superior Court of Los Angeles County, 17 Cal.3d 491, 495-96, 131 Cal.Rptr. 374, 551 P.2d 1206 (1976). Under North Carolina law, the law of the place where the contract was made determines its validity, its exposition and its consequences. Fast v. Gulley, 271 N.C. 208, 211, 155 S.E.2d 507 (1967); see Wallace Butts Ins. Agency, Inc. v. Runge, 68 N.C.App. 196, 314 S.E.2d 293, 295 (1984). This is particularly true where, as in the instant case, the contract itself provides that it shall be governed by the same law. Kaplan v. RCA Corp., 783 F.2d 463, 465 (4th Cir.1986). Accordingly, whether the forum selection clause is treated as procedural or substantive, Sun World Lines, Ltd. v. March Shipping Corp., 801 F.2d 1066, 1068-69 (8th Cir.1986), the principles articulated in Bremen should be applied.
 
 
 10
 In Mercury Coal & Coke, Inc. v. Mannesmann Pipe and Steel Corp., supra, 696 F.2d at 318, we rejected a district court's attempt to circumvent these principles through an overly broad interpretation of what constitutes inconvenience. We said, quoting Bremen, that "inconvenience serves as a ground for invalidation only when enforcement would 'deprive a party of his day in court.' " We also found no merit in the district court's determination that there was unequal bargaining power simply because one corporate party was larger than the other. Id.; see also Hoffman v. National Equipment Rental, Ltd., 643 F.2d 987, 991 (4th Cir.1981). We are now confronted with an attempt to put the Bremen principles to naught through a patently erroneous interpretation of the selection clause itself.
 
 
 11
 The district judge concentrated on the word "be" rather than the word "shall". He said that because the verb "to be" frequently is used to express existence, the clause now in question means only that "jurisdiction and venue shall exist in California" and "elsewhere as well". The problem with this interpretation is that it makes the forum selection clause meaningless and redundant. Because Barnett is a California corporation, federal jurisdiction and venue statutes provide as a matter of law that California is a proper state for suit. See 28 U.S.C. Secs. 1332(a), (c) and 1391(c). It is a well established principle of contract construction that clauses which, as here, are knowingly incorporated into a contract should not be treated as meaningless. Furman v. Cirrito, 828 F.2d 898, 902 (2d Cir.1987) (citing Audino v. Lincoln First Bank, 105 A.D.2d 1091, 1093, 481 N.Y.S.2d 928 (1984) (mem.), aff'd, 65 N.Y.2d 631, 491 N.Y.S.2d 158, 480 N.E.2d 747 (1985)); Bense v. Interstate Battery System of America, Inc., 683 F.2d 718, 722 (2d Cir.1982); Gillentine v. McKeand, 426 F.2d 717, 722 (1st Cir.1970). The only meaningful reason for including the forum selection clause in the instant case was to make California jurisdiction and venue exclusive.
 
 
 12
 The lawyers for Sterling and Barnett who worked together on the Purchase Agreement were preparing a legal document using well-accepted legal phraseology. As experienced lawyers, they knew that the word "venue" means "place of suit", Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168, 60 S.Ct. 153, 155, 84 L.Ed. 167 (1939), "the locale in which a suit may properly be instituted", Minnesota Mining & Mfg. Co. v. Eco Chem., Inc., 757 F.2d 1256, 1264 (Fed.Cir.1985). They also knew that the "[u]se of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made." Manatee County, Florida v. Train, 583 F.2d 179, 182 (5th Cir.1978) (quoting Sierra Club v. Train, 557 F.2d 485, 489 (5th Cir.1977)). This is equally true of the phrase "shall be". See Mohasco Corp. v. Silver, 447 U.S. 807, 809-10 & n. 2, 100 S.Ct. 2486, 2488-89 & n. 2, 65 L.Ed.2d 532 (1980); Anderson v. Yungkau, 329 U.S. 482, 485, 67 S.Ct. 428, 430, 91 L.Ed. 436 (1947). We would demean the intelligence and legal ability of the drafters of the Purchase Agreement were we to hold that, when, after negotiating the issue, they wrote that the Agreement shall be "construed and enforced" in accordance with California laws and that "venue shall be in California", what they really meant was that the place in which suit may be brought "shall exist" in California and "elsewhere as well".
 
 
 13
 Other courts that have construed similar clauses have refused correctly to follow such a curious course. See, e.g.:
 
 
 14
 Intermountain Systems, Inc. v. Edsall Constr. Co., 575 F.Supp. 1195, 1197 (D.Colo.1983) ("venue shall be in Adams County, Colorado");
 
 
 15
 Gordonsville Indus. v. American Artos Corp., 549 F.Supp. 200, 204 (W.D.Va.1982) ("the place for litigation shall be the [Civil Court] in Bochum, Germany");
 
 
 16
 Hoes of America, Inc. v. Hoes, 493 F.Supp. 1205, 1207 (C.D.Ill.1979) ("[a]ny court procedures shall be held in Bremen");
 
 
 17
 Taylor v. Titan Midwest Constr. Corp., 474 F.Supp. 145, 148 (N.D.Tex.1979) ("venue shall be laid in the county where Titan has its principal offices");
 
 
 18
 Public Water Supply Dist. No. 1 v. American Ins. Co., 471 F.Supp. 1071 (W.D.Mo.1979) ("venue shall lie in Mercer County, State of Missouri");
 
 
 19
 Full-Sight Contact Lens Corp. v. Soft Lenses, Inc., 466 F.Supp. 71, 72 n. 3 (S.D.N.Y.1978) ("suit ... shall be brought in either San Diego or Los Angeles County");
 
 
 20
 General Electric Co. v. City of Tacoma, 250 F.Supp. 125 n. 1 (W.D.Wash.1966) ("venue ... shall be in the Superior Court of the State of Washington in and for the County of Pierce").
 
 
 21
 Having concluded that the denial of Barnett's motion for change of venue was completely unjustified, we must now decide whether the appropriate remedy should be reversal of the district court's order or the more cumbersome and stringent remedy of mandamus. Although Barnett has proceeded to this Court by way of appeal, if appeal is improper, we may, if the circumstances warrant, treat the claim for appellate review as a petition for mandamus. International Nickel Co. v. Martin J. Barry, Inc., 204 F.2d 583, 585 (4th Cir.1953); Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1074 (3d Cir.1983); Cord v. Smith, 338 F.2d 516, 521 (9th Cir.1964). Putting aside for the moment the determination whether review is available by ordinary appeal so as to preclude the use of mandamus, Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 8 n. 6, 103 S.Ct. 927, 933 n. 6, 74 L.Ed.2d 765 (1983), we think the facts of this case would warrant resort to mandamus relief.
 
 
 22
 When the Supreme Court decided The Bremen v. Zapata Off-Shore Co., supra, it noted the existence of an "historical judicial resistance to any attempt to reduce the power and business of a particular court." 407 U.S. at 12. The Court changed the law but did not completely eliminate the judicial resistance, particularly in those cases where convenience of witnesses is a factor. See Bense v. Interstate Battery System of America, Inc., supra, 683 F.2d at 721; Intermountain Systems, Inc. v. Edsall Constr. Co., supra, 575 F.Supp. at 1197. We think evidence of a continuing hostility to forum selection clauses is apparent not only in the district court's egregious misinterpretation of the clause at issue herein, but also in the manner in which the district court's holding was arrived at. In the district court's original decision, it held that the forum selection clause was ambiguous and that Barnett had failed to offer any proof of its mandatory intent. When Barnett then offered the undisputed affidavit of its attorney, in which the attorney averred that he and California counsel for Sterling had discussed and negotiated the forum selection clause and mutually agreed that it mandated resort to the California courts, the district court made an about face, held the clause to be unambiguous and refused to even consider the attorney's affidavit.
 
 
 23
 The district court was required to follow the principles articulated in Bremen despite any individual predilections it may have had. United States v. Chase, 281 F.2d 225, 229 (7th Cir.1960); see Walker v. Georgia, 417 F.2d 5, 8 (5th Cir.1969). In the exercise of our supervisory control over the district courts which is essential to proper judicial administration, we should ensure that it does so. See La Buy v. Howes Leather Co., 352 U.S. 249, 259-60, 77 S.Ct. 309, 315-16, 1 L.Ed.2d 290 (1957); In re Virginia Electric and Power Co., 539 F.2d 357, 365 (4th Cir.1976); United States Bd. of Parole v. Merhige, 487 F.2d 25, 29-30 (4th Cir.1973), cert. denied, 417 U.S. 918, 94 S.Ct. 2625, 41 L.Ed.2d 224 (1974).
 
 
 24
 For all practical purposes, the district court's decision is a final one which cannot be remedied by an appeal from a final judgment. General Tire & Rubber Co. v. Watkins, 373 F.2d 361, 370 (4th Cir.1967) (en banc); Pacific Car and Foundry Co. v. Pence, 403 F.2d 949, 952 (9th Cir.1968). Should a judgment be rendered against Barnett in this action, it is inconceivable that Barnett could prove that a different result would have been reached had the case been tried in California. General Tire & Rubber Co. v. Watkins, supra, 373 F.2d at 370; Ackert v. van Pelt Bryan, 299 F.2d 65, 68 (2d Cir.1962); Ford Motor Co. v. Ryan, 182 F.2d 329, 330 (2d Cir.), cert. denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950); see Fed.R.Civ.P. 61. If, as we hold, Barnett is entitled to have this case transferred to California, the time to do it is now. Accordingly, if the order denying transfer to California were not appealable, we would not hesitate to proceed by way of mandamus. See Akers v. Norfolk and Western Ry. Co., 378 F.2d 78, 80 (4th Cir.1967). However, we believe that resort to mandamus is unnecessary.
 
 
 25
 Although, to be appealable, an order must be "effectively unreviewable on appeal from a final judgment", Flanagan v. United States, 465 U.S. 259, 265, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)), the requirement of finality must be given a "practical rather than a technical construction", Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949). For the reasons above assigned, we see no effective way in which the district court's order denying transfer to California can be reviewed once the case has been tried in North Carolina. The remaining requirements of Cohen are met easily. The district court's order conclusively determined the disputed question of transfer and, in so doing, resolved an important issue completely separate from the merits of the action. Cohen, supra, 337 U.S. at 546, 69 S.Ct. at 1225. In short, we conclude that the district court's order is reviewable. In re Diaz Contracting, Inc., 817 F.2d 1047, 1048 (3d Cir.1987); Farmland Indus. v. Frazier-Parrott Commodities, Inc., 806 F.2d 848, 850-51 (8th Cir.1986); see Mercantile National Bank v. Langdeau, 371 U.S. 555, 557-58, 83 S.Ct. 520, 521-22, 9 L.Ed.2d 523 (1963); Hodson v. A.H. Robins Co., 715 F.2d 142, 145 n. 2 (4th Cir.1983); Kontoulas v. A.H. Robins Co., 745 F.2d 312 (4th Cir.1984).
 
 
 26
 The order of the district court is reversed, and the matter is remanded with instructions to grant appellants' motion for transfer to California.
 
 
 27
 REVERSED AND REMANDED.