872 F.2d 418
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hazel G. McNEILL, Patrick A. McNeill, Hazel G. McNeill,
Executrix of the Estate of Joe McNeill, Plaintiffs-Appellees,
v.
INTERNATIONAL PRECIOUS METALS CORPORATION, Peter E. Phass,
John Does, Number 1-10, Defendants-Appellants.
 No. 88-2096.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 11, 1989.
Decided March 9, 1989.
 
 Robert Lawrence Bonner (Amy D. Ronner, Greer, Homer, Cope & Bonner, Neil C. Williams, III, Horack, Talley, Phass & Lowndes, on brief) for appellants.
 David Russell Badger (David R. Badger & Associates, P.A., Dean W. Borthwick, Borthwick & Lewis, on brief) for appellees.
 Before WIDENER and WILKINS, Circuit Judges, and RICHARD B. KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 International Precious Metals Corporation, the parent corporation of MultiVest Options, Inc. (MultiVest), and Peter Phass, a MultiVest account executive, (Defendants), appeal from a district court order denying their motion to transfer this case to the Southern District of Florida in accordance with a contractual forum-selection clause. We reverse and remand for further consideration.
 
 I.
 
 2
 In August 1984 Hazel McNeill, Patrick McNeill, and Joe McNeill, North Carolina residents, invested in commodity options with MultiVest, a registered futures commission merchant located in Florida. Prior to investing with MultiVest, the McNeills executed documents entitled "Customer Commodity Option Account Agreement and Disclosure Statement Acknowledgement" (Agreements), each of which included an unambiguous forum-selection clause. The clause, printed in clear and legible type on the first page of each Agreement, stated:
 
 
 3
 I further agree that any proceedings concerning disputes, claims or controversies arising out of this Agreement or any transactions with [MultiVest] shall be submitted to the jurisdiction of the Courts of the State of Florida or the United States District Court for the Southern District of Florida and that the venue for any action arising from this Agreement or any transactions with [MultiVest] shall be in Broward County, Florida.
 
 
 4
 (Emphasis added.) Further, this clause followed an instruction at the top of the form that stated in bold print, "This Agreement should be read in its entirety ... before it is signed."
 
 
 5
 The McNeills lost their investment and closed their account with MultiVest in December 1985. On November 30, 1987 they brought this action in the Western District of North Carolina alleging state and federal claims arising from their investment relationship with MultiVest. Defendants appeared and moved to dismiss or transfer the case pursuant to the forum-selection clause contained in the Agreements. Prior to ruling on this motion, the district court stated that "[t]echnically, [MultiVest is] ahead on all the points," but then denied the motion by order entered March 31, 1988 on the grounds that:
 
 
 6
 [I]t would be unjust and unreasonable to bind [the McNeills] to a boilerplate forum slection [sic] clause that was not the product of negotiations and is part of a contract between parties of vastly unequal bargaining powers, [the McNeills] having had no knowledge of, nor prior investment experience in the commodities market at the time the contract was entered into.
 
 II.
 
 7
 The effect of the forum-selection clause in these Agreements is controlled by the transfer of venue provision of 28 U.S.C.A. Sec. 1404(a) (West 1976). Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. ----, ----, 101 L.Ed.2d 22, 31 (1988). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In Stewart, which was decided after the district court denied MultiVest's motion to transfer, the Court held that while a valid forum-selection clause would not be dispositive in considering a motion to transfer, "[t]he presence of a forum-selection clause ... will be a significant factor that figures centrally in the District Court's calculus." Id. at ----, 101 L.Ed.2d at 31.
 
 A.
 
 8
 A forum-selection clause is valid when it is bargained for between parties of relatively equal bargaining strength. See, e.g., Sterling Forest Associates, Ltd. v. Barnett-Range Corp., 840 F.2d 249 (4th Cir.1988). However, a forum-selection clause is not rendered invalid merely because the parties appear to possess unequal bargaining power. See Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp., 696 F.2d 315 (4th Cir.1982). In an analogous situation, this court recently held that an arbitration clause in a customer agreement between a large investment company and "a widowed housewife with no business or financial expertise" was enforceable. Newcome v. Esrey, 862 F.2d 1099, 1100 (4th Cir.1988) (en banc).
 
 
 9
 The McNeills voluntarily signed the Agreements, representing to MultiVest that they had fifteen years experience investing in stocks and bonds. Defendants had a legitimate expectation that the McNeills, in signing the Agreements, were acknowledging that the federal and state courts of Broward County, Florida would be "the most proper forum" in which to litigate disputes arising from their transactions. Stewart, 487 U.S. at ----, 101 L.Ed.2d at 32. We hold that the forum-selection clause is valid and the district court clearly erred in finding otherwise.
 
 B.
 
 10
 Prior to Stewart, a valid forum-selection clause would have been presumed enforceable. Sterling Forest, 840 F.2d at 251 (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)). Now, however, while the existence of a valid forum-selection clause continues to be a significant factor to consider in resolving a motion to transfer, other factors must also be weighed in the balance. These factors include "the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.' " Stewart, 487 U.S. at ----, 101 L.Ed.2d at 32.
 
 
 11
 The district court denied the motion to transfer solely on the basis of its erroneous finding that the forum-selection clause was invalid. Since Stewart was decided subsequent to the district court ruling, it is appropriate to remand the matter for further consideration in light of that decision.
 
 
 12
 REVERSED and REMANDED WITH INSTRUCTIONS.