Jay A. ZAWATSKY

v.

JOHN ALDEN LIFE INSURANCE COMPANY.

Civ. No. JFM–93–1176.

United States District Court, D. Maryland.

June 4, 1993.

---

**1216**

Jay A. Zawatsky, pro se.

David C. Roseman, John E. Benedict, Jones, Day, Reavis & Pogue, Washington, DC, for defendant.

### MEMORANDUM

MOTZ, District Judge.

This is a declaratory judgment action in which plaintiff seeks an order releasing him from liability on a personal guaranty which he and another individual, Dennis Kelly, executed in connection with a commercial real estate loan. Plaintiff filed suit in the Circuit Court for Montgomery County, and defen-

dant timely removed the action to this court. Defendant has now moved to dismiss the action for improper venue or to transfer it to the Eastern District of North Carolina where defendant has filed an action against plaintiff and Kelly on their guaranty.[1] North Carolina is the location of the real estate project whose financing was guaranteed by plaintiff and Kelly.[2]

■ Plaintiff argues that venue is proper under 28 U.S.C. Section 1391(a)(1), which confers venue in any district where a single defendant resides. Section 1391(c) provides that a corporate defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction." Plaintiff contends that defendant is subject to personal jurisdiction in Maryland under the Maryland long-arm statute. Md.Cts. & Jud.Proc. Code Ann., § 6–103 (Repl.Vol.1989).

Plaintiff's argument is at best dubious. Section 6–103(a) provides that "[i]f jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section." Plaintiff has not alleged any facts to suggest that defendant committed any acts in Maryland concerning the guaranty in question. Likewise, although pervasive contacts with a state may constitutionally subject a defendant to personal jurisdiction there in connection with a cause of action not specifically related to defendant's contacts, *see Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), plaintiff has not alleged any facts which would warrant the assertion of such general jurisdiction here. *See Nichols v. G.D. Searle & Co.*, 783 F.Supp. 233 (D.Md.1992), *aff'd*, 991 F.2d 1195 (4th Cir. 1993).[3]

---

1. Defendant has filed a motion to strike plaintiff's opposition to its motion to dismiss or transfer essentially on the ground that the opposition was misstyled. Plaintiff, in response, has filed a motion requesting leave to file an amended pleading. Defendant's motion to strike will be denied, and plaintiff's motion for leave to amend will be granted.

2. Defendant filed the North Carolina action against plaintiff and Kelly after plaintiff instituted this action in Maryland. However, defendant filed a parallel foreclosure proceeding in the appropriate North Carolina state court prior to the institution of this action.

3. Although it is frequently said that the Maryland long-arm statute is intended to assert personal jurisdiction to its constitutional limits, *see, e.g.,* *Geelhoed v. Jensen*, 277 Md. 220, 352 A.2d 818, 821 (1976), I have some question whether the statute would by its terms subject defendant to jurisdiction here even if it were constitutionally permissible to do so. The only section of the statute which would appear to permit the assertion of general jurisdiction is § 6–103(b)(4) which relates to the causing of tortious injury in or outside of the state by an act or omission outside of the state. No tort claim is asserted here.

It would therefore appear clear that venue is not proper under 28 U.S.C. § 1391(a)(1). Thus, the case should be transferred to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1406(a). Moreover, assuming that personal jurisdiction could be asserted over defendant in Maryland (and that venue would thus be proper under § 1391(a)(1)), the action nevertheless should be transferred to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a) "for the convenience of [the] parties and witnesses, in the interest of justice."

Although a plaintiff's choice of forum is entitled to deference, his choice is not sacrosanct. Plaintiff is the president and sole shareholder of the corporation which is the general partner in the partnership developing the real estate project whose financing he personally guaranteed. He clearly "purposely avail[ed] ... [himself] of the privilege of conducting activities within ... [North Carolina]," *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958); and could "reasonably anticipate being haled into court there." *World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980). Indeed, in the guaranty agreement which plaintiff and Kelly signed they expressly agreed to submit to the jurisdiction of the courts of North Carolina:

> The Guarantors and the Lender agree that any dispute arising out of this Guaranty shall be subject to the jurisdiction of both the state and federal courts in North Carolina. For that purpose, the Guarantors hereby submit to the jurisdiction of the state and federal courts of North Carolina. Each Guarantor further agrees that service of process may be made in any manner acceptable for use in the state and federal courts of North Carolina.

Defendant argues that this provision mandates that any litigation concerning the guaranty be conducted in North Carolina. It appears that under Fourth Circuit law this argument is meritorious. *See, e.g., Sterling Forest Associates, Ltd. v. Barnett-Range*

*Corp.*, 840 F.2d 249 (4th Cir.1988); *Central Coal Co. v. Phibro Energy, Inc.*, 685 F.Supp. 595 (W.D.Va.1988). However, I need not decide the issue. Defendant's argument (like its argument that venue is not proper under 28 U.S.C. Section 1391(a)(1)) is far from insubstantial, and avoidance of possible legal error at the very onset of the litigation provides a sound reason for transferring the action to North Carolina where jurisdiction and venue clearly are proper. Plaintiff's tactical interest aside, it certainly would not be convenient for the parties and the witnesses—or in the interests of justice and the efficient use of scarce judicial resources—to engage in litigation in Maryland which would be all for naught in the event that on appeal it were ultimately held that this court had been without jurisdiction.[4]

A separate order effecting the rulings made in this memorandum is being entered herewith.

## ORDER

For the reasons stated in the memorandum being entered herewith, it is this 4th day of June 1993

ORDERED that

1. Defendant's motion to strike is denied;

2. Plaintiff's motion for leave to file amended pleading is granted;

3. Defendant's motion to dismiss or transfer is treated as one to transfer and, as such, is granted;

4. This action shall be transferred to the Eastern District of North Carolina; and

5. Each party is to bear its own costs.

---

4. I might also note that plaintiff acknowledges that his co-guarantor, Kelly, is not subject to jurisdiction in Maryland. He argues, however, that Kelly has indicated to him a willingness to join in this action as a plaintiff. Although such action would cure any jurisdictional problem, its result would be that this court would be called upon to resolve a dispute between a non-Maryland corporation and a non-Maryland resident in which Maryland has absolutely no interest.