**Charles D. HORNING, et al., Plaintiff,**

v.

**SYCOM, a Wisconsin general partnership, et al., Defendants.**

Civ. A. No. 82–189.

United States District Court,
E.D. Kentucky,
Covington Division.

Feb. 24, 1983.

Robert E. Sanders, Covington, Ky., for plaintiff.

Gerald L. Baldwin, Cincinnati, Ohio, Gregory M. Bartlett, Joseph L. Baker, Covington, Ky., for defendants.

## OPINION and ORDER

BERTELSMAN, District Judge.

This matter is before the court on the defendants' motion to dismiss or transfer in order to give effect to a forum selection clause in the contract between the plaintiffs and defendant for the sale of an office computer. The plaintiffs are Dr. Charles Horning, a solo practitioner dentist, plying his trade in Florence, Kentucky, and his wife, Sandra, who manages the office. The defendants are the members of a limited partnership (hereinafter Sycom), a seller of computer hardware with its principal place of business in Wisconsin; Tandy Corporation, a manufacturer of computer hardware with its principal place of business in Texas; and E.F. Hutton Credit Corporation, holder of leasing documents used to finance the plaintiffs' acquisition of a computer system from Sycom, with its principal place of business in Delaware.

On January 28, 1981, Sycom's local sales representative, Dennis McDonough, whose office is in Cincinnati, and its Eastern Regional Manager, Jerry Conca, whose office is in New York, visited Dr. Horning in his office in Florence and attempted to interest him in installing Sycom's Micro-System Data Plan. Apparently, the plaintiffs were persuaded. After further meetings at their office, on February 25, 1981, McDonough sent them a letter relating that, for a total investment of $16,779, at $348 a month for 84 months, they could obtain a Tandy computer, Sycom's software, and maintenance and assistance in the use of the system from Sycom. On March 4, 1981, Dr. Horning signed a "purchase agreement" within which Sycom promised to license its computer software to Dr. Horning and he promised to buy the hardware.

The plaintiffs' purpose in having the system installed was to assist them in compiling accurate financial data, tax records and patient information. The plaintiffs claim that, from the date of installation, the system never worked properly. Nevertheless, they continued making lease-purchase payments for 10 months, paying approximately one-quarter of the total cost, around $4,000. It is alleged that during this time, the system was not performing as it should have; that the plaintiffs were not being effectively schooled in its use; that Sycom was made aware of this state of affairs; and that Sycom acknowledged that a "communication gap" existed and promised to remedy it. At one point, apparently, when six weeks had elapsed and Sycom had not responded to a service call to its Cincinnati office, the plaintiffs paid an independent computer consultant some $2500 to come in and identify the problems in the system.

Around January of 1982, the plaintiffs ceased making monthly payments on the system. They obtained an attorney and, on April 16, 1982, met with a Sycom representative to discuss solving the problems in the system. When this did not work, in a letter dated July 19, 1982, they asked for recission of the contract and repayment of the money they had expended. In November of 1982, plaintiffs filed suit in Boone Circuit Court, alleging breach of contract, breach of UCC warranties, negligence and fraud against Sycom and the other defendants. The action was removed to this court. E.F. Hutton has counterclaimed against plaintiffs and cross-claimed against Tandy and Sycom.

Defendants' motion is based on a forum selection clause in the form sales contract, which provides:

"(a) This Agreement shall be governed by the laws of the State of Wisconsin and the exclusive jurisdiction for any legal

proceeding regarding this Purchase Agreement shall be the State of Wisconsin."

The court has carefully reviewed the file and the memoranda of the parties and finds that this matter may be disposed of without great difficulty.

The motion is controlled by the decision of the Kentucky Court of Appeals in *Prudential Resources Corporation v. Plunkett,* Ky.App., 583 S.W.2d 97 (1979) (Lester, J.). Before applying this decision to the facts before it, this court wishes to make clear that it does not regard the matter as a problem going to federal jurisdiction, but rather as a matter of substantive state contract law. *See* generally *Boggs v. Blue Diamond Coal Company,* 497 F.Supp. 1105 (E.D.Ky.1980).

Turning to the decision of the Kentucky Court in *Prudential Resources,* this court finds that Kentucky has adopted the position of the American Law Institute, as stated in § 80, *Restatement 2d, Conflict of Laws. Prudential Resources, supra,* 583 S.W.2d at 99. That section of the *Restatement* reads:

> "The parties' agreement as to the place of the action cannot oust a state of judicial jurisdiction but such an agreement will be given effect unless it is unfair or unreasonable."

Judge Lester, speaking for the Kentucky Court, applied the following four factors in determining whether or not to enforce a forum selection clause:

(1) Whether the clause was freely negotiated;

(2) Whether the specified forum is a seriously inconvenient place for trial;

(3) Whether enforcement would contravene a strong public policy of the forum in which suit is brought;

(4) Whether Kentucky has more than a minimal interest in the lawsuit. 583 S.W.2d at 99–100. *See* Gilbert, *Choice of Forum Clauses in International and Interstate Contracts,* 65 Ky.L.J. 1, 32–42 (1976).

The application of all of these factors dictates that the motion herein be denied.

The plaintiff, a solo dental practitioner, would be seriously inconvenienced by being required to litigate this matter in Wisconsin, whereas the defendant would not be inconvenienced by being required to litigate here. While the court cannot say that the defendant has engaged in overreaching, it does regard the clause as bordering on unconscionability as applied to the sale of an important piece of office machinery to a small businessman for the substantial purchase price involved. In the opinion of the court, there was a disparity of bargaining power with regard to the particular clause of the contract in question. The forum selection clause is only one of many clauses in the form contract that together represent the best job of boiler-plating since the building of the Monitor.

Finally, the court feels that, in this situation, Kentucky has a substantial interest in the lawsuit, in that it is the policy of Kentucky that its consumers have a local forum to redress grievances against non-resident sellers of products. There is no doubt that far more contacts exist here than would be needed to sustain long-arm jurisdiction. *See Clay v. Hopperton Nursery, Inc.,* 533 F.Supp. 476 (E.D.Ky.1982) and cases therein cited. The court feels that, while not totally controlling, Kentucky's long-arm cases may be looked to by analogy when enforcement of forum selection clauses is considered.

For the reasons above stated, the court being advised,

IT IS ORDERED that the motion to transfer by the defendants be, and it is, hereby denied.