Jeffrey A. **KOCH**, et al.

v.

**AMERICA ONLINE, INC.**

**Civil No. CCB–00–829.**

United States District Court, D. Maryland.

Sept. 18, 2000.

John F. Kennedy, Kathleen Anne Dolan, Alejandro Radice, Kennedy and Dolan, Silver Spring, MD, for plaintiffs.

Lynn E. Parseghian, Omelveny & Myers, Washington, DC, for defendant.

## MEMORANDUM

BLAKE, District Judge.

Now pending before this Court is a motion by Defendant, America Online, Inc. ("AOL"), to dismiss the complaint of Plaintiff Jeffrey A. Koch on the basis of improper venue. On behalf of himself and those similarly situated, Plaintiff Koch has filed a class action complaint against AOL alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment in connection with contracts by AOL to provide Internet service to Plaintiff and class members. Plaintiffs seek compensatory damages, declaratory and injunctive relief, and attorneys' fees.

At issue is the propriety of a forum selection clause that AOL contends requires all claims against it based on the service agreements to be filed in an appropriate Virginia state court. Defendant, therefore, moves to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(3), on the basis of improper venue. This matter has been briefed fully and no hearing is necessary. *See* Local Rule 105.6. For the reasons set forth

below, the Court will grant the motion to dismiss.

### BACKGROUND

AOL is an Internet service provider. For a monthly fee, the company will furnish subscribers with access to the World Wide Web and other Internet services. On November 4, 1996, Plaintiff Koch joined AOL by completing a series of on-line registration forms. (Davis Decl. ¶ 3.) During the registration process, Koch was given the option to pay the $21.95 monthly service fee either by major credit card or automatic withdrawal from an existing checking account. (Def.'s Mot. to Dis., Ex. 2 at 7.) AOL imposed no additional fee if the subscriber elected to pay by credit card. However, a handling fee of $5/month was assessed if the subscriber wished to have the $21.95 withdrawn from his checking account.[1] (Complaint ¶ 16.) Koch chose the second option and now contests the additional fee.

After selecting a payment method, Koch arrived at a screen entitled "AOL Terms of Service—Read Carefully." (Def.'s Mot. to Dis., Ex. 2 at 14.) That screen stated that the subscriber's "use of America On-line (AOL) Service is conditioned upon [the subscriber's] acceptance of AOL's Terms of Service (TOS) and Rules of the Road." (*Id.*) The form then encouraged the subscriber to read the Terms of Service ("TOS") and provided a link to that text. (*Id.*) Koch could not have registered with AOL without clicking on a button labeled "Agree" to indicate his agreement with the TOS. (Davis Decl. ¶ 5.)

The TOS is a five-page document containing various billing, access, and termination information. (Def.'s Mot. to Dis., Ex. 3.) The final paragraph, entitled "Law," states, in relevant part, that the

> [m]ember expressly agrees that exclusive jurisdiction for any claim or dispute resides in the courts of the Commonwealth of Virginia. Member further agrees and expressly consents to the exercise of personal jurisdiction in the Commonwealth of Virginia in connection with any dispute or claim involving AOL, Inc.

(*Id.*, Ex. 3. ¶ 10.) The validity of this provision is at the center of the current dispute.

On March 23, 2000, Koch filed a class action complaint alleging that the $5.00 monthly handling fee constitutes unlawful liquidated damages, is unconscionable, violates the implied covenant of good faith and fair dealing by making the advertised monthly price impossible to obtain, and unjustly enriches AOL. (Complaint ¶ 27–48.) On the basis of the forum selection clause contained in the TOS, AOL has moved to dismiss for improper venue.

### CHOICE OF LAW

The initial step in analyzing the validity of a forum selection clause is to determine whether state or federal law should be applied.[2] If jurisdiction over the underlying action is based on a federal

---

1. The amount of the handling fee is not in dispute at this time. When Koch joined AOL, however, the additional charge apparently was $3/month. (Def.'s Mot. to Dis., Ex. 2 at 10.) Because AOL does not dispute Koch's assertion that the fee is presently $5/month, it seems likely that the amount changed at some time between Koch's joining AOL and his filing of this lawsuit.

2. As a preliminary matter, Koch offers two reasons that the forum selection clause should not apply to this action. (Plf.'s Opp. to Mot. to Dis. at 3.) First, he argues that AOL has not proven that the TOS was in existence when he joined AOL. (*Id.*) However, with its Motion to Dismiss, AOL supplied the declaration of Carrie Davis in which she described the TOS "agreement in effect when Koch contracted with AOL...." (Davis Decl. ¶ 6.) Further, in neither his Complaint or Opposition to Motion to Dismiss does Koch contend that he was unaware of the TOS.

question, federal law controls the evaluation of the forum selection clause. *Eisaman v. Cinema Grill Systems, Inc.*, 87 F.Supp.2d 446, 448 (D.Md.1999) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590, 111 S.Ct. 1522, 1525, 113 L.Ed.2d 622 (1991)). The instant case, however, is based on diversity jurisdiction. (Complaint ¶ 1.) In such cases, the Fourth Circuit applies the relevant state law. *Eisaman*, 87 F.Supp.2d at 448 (citing *Nutter v. New Rents, Inc.*, 945 F.2d 398 (4th Cir.1991) (unpublished)).

▮ In this case, both Maryland and Virginia law are potentially applicable. Fortunately, however, a choice of laws analysis is not required because both states have adopted the federal standard for evaluation of forum selection clauses. *Id.* at 449 n. 4. *See also Gilman v. Wheat, First Securities, Inc.*, 345 Md. 361, 377–78, 692 A.2d 454, 462–63 (1997); *Paul Business Systems, Inc. v. Canon U.S.A., Inc.*, 240 Va. 337, 342, 397 S.E.2d 804, 807 (1990). Thus, federal law will be used to determine the validity of the forum selection clause.[3]

### ANALYSIS

In its seminal decision in *M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court reversed the longstanding judicial antipathy toward forum selection clauses. The Court recognized the traditional disapproval, but held that, in federal admiralty cases, "such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* at 10, 92 S.Ct. 1907. Although the "Court did not define precisely the circumstances that would make it unreasonable for a court to enforce a forum selection clause," *Carnival Cruise Lines*, 499 U.S. at 591, 111 S.Ct. at 1526, an analytic framework has been developed.

▮ Before undertaking that analysis, however, it is first necessary to examine the contractual language. Only a mandatory forum selection clause will be enforced; a permissive one will not require dismissal. *Eisaman*, 87 F.Supp.2d at 449. A mandatory provision is one containing "clear language showing that jurisdiction is appropriate only in the designated forum." *Excell, Inc. v. Sterling Boiler and Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir.1997) (quoting *Thompson v. Founders Group International*, 20 Kan.App.2d 261, 886 P.2d 904, 910 (1994)). *See also Eisaman*, 87 F.Supp.2d at 449–50. A permissive forum selection clause, on the other hand, permits jurisdiction in the designated forum without precluding it elsewhere.

▮ The forum selection clause in this case provides that "exclusive jurisdiction for any claim or dispute resides in the courts of the Commonwealth of Virginia." (Def.'s Mot. to Dis., Ex. 3. ¶ 10.) Koch contends that AOL's "use of the term 'resides' is fatally ambiguous and defective"

---

Secondly, Koch argues that the forum selection clause should not apply to a class action because it is phrased in singular, not group, language. (Plf.'s Opp. to Mot. to Dis. at 4.) This argument misconstrues the nature of class actions, which are designed to aggregate such individual claims. It is, therefore, equally unavailing.

**3.** A second preliminary issue that was not addressed by the parties, and does not warrant much discussion here, is the propriety of dismissal under 28 U.S.C. § 1406(a), rather than transfer under 28 U.S.C. § 1404. Because this court could not transfer the case to state court in Virginia, dismissal is the only available option. See *BHP International Investment, Inc. v. OnLine Exchange, Inc.*, 105 F.Supp.2d 493, 499–500 (E.D.Va.2000) (transferring case in accordance with a forum selection clause), and *P.M. Enterprises v. Color Works, Inc.*, 946 F.Supp. 435, 439 (S.D.W.Va. 1996) for an explanation of the controversy in this area.

and argues that AOL cannot point to a case in which a provision employing that word was found mandatory. (Plf.'s Opp. to Mot. to Dis. at 4–5.) Neither, however, can Koch point to a case in which such a clause was found permissive. Indeed, use of the word "resides," even if it might be objectionable, should not, in isolation, determine the nature of the clause. *See Sterling Forest Associates, Ltd. v. Barnett–Range Corporation,* 840 F.2d 249, 251–52 (4th Cir.1988) *overruled on other grounds by Lauro Lines S.R.L. v. Chasser,* 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989) (looking to the whole of the forum selection clause and the intent of the parties in determining whether or not the provision was mandatory).

■ Rather, an examination of the clause in its entirety reveals that it is mandatory. The focus of the court's investigation should not be on AOL's choice of the word "resides," but, rather, on its use of the phrase "exclusive jurisdiction" coupled with the designation of a specific forum. *See Eisaman,* 87 F.Supp.2d at 450. That language indicates that the clause is mandatory. Further, because the company already is subject to suit in Virginia state court, finding the clause permissive would render it a nullity. *See Sterling Forest,* 840 F.2d at 251. Together, these facts are sufficient to establish the clause as mandatory. It will, therefore, be evaluated using the established standard.

In *Bremen,* the Court found that a forum selection clause may be unreasonable if (1) it was the result of "fraud or overreaching"; (2) "trial in the contractual forum will be so gravely difficult and inconvenient [for the complaining party] that he will for all practical purposes be deprived of his day in court"; or, (3) "enforcement would contravene a strong public policy of the forum in which suit is brought." *Bremen,* 407 U.S. at 15–17, 92 S.Ct. 1907. *See also Allen v. Lloyd's of London,* 94 F.3d 923, 928 (4th Cir.1996); *Eisaman,* 87 F.Supp.2d at 450. For each category, the "complaining party bears a heavy burden of demonstrating unreasonableness." *Eisaman,* 87 F.Supp.2d at 450.

■ At the outset, there is no evidence of fraud in the creation of either the service agreement generally, or the forum selection clause specifically. Plaintiff does argue that the forum selection clause is unenforceable because it was part of a form contract and he had no choice but to accept it. (Plf.'s Opp. to Mot. to Dis. at 6 .) Further, he argues that the discrepancy in bargaining power between AOL, a large corporate entity, and the class members, individual subscribers, should render the clause invalid. Use of a form contract, however, even by a party with superior bargaining power, does not necessarily make a forum selection clause unenforceable. *See Eisaman,* 87 F.Supp.2d at 450. Although such clauses are not immediately invalid, the Supreme Court has stated that they are subject to "judicial scrutiny for fundamental fairness." *Carnival Cruise Lines,* 499 U.S. at 595, 111 S.Ct. at 1528. There is no evidence in this case that AOL chose Virginia in bad faith or in an effort to discourage meritorious suits. Rather, it is headquartered in that state and has a legitimate interest in protecting itself from being sued in all 50 states. *See id.*

■ Secondly, Koch argues that he would suffer sufficient inconvenience to warrant elimination of the forum selection clause. In support of this assertion, Koch claims that, due to AOL's size and influence, "[p]laintiff would be hard-pressed to find an impartial jury in Northern Virginia."[4] (Plf.'s Opp. to Mot. to Dis. at 6.)

---

**4.** Koch also asserts that "[i]f a person was injured on the business premises of Defendant

in California as a result of its negligence, the forum selection provision would require re-

He does not, however, offer any evidence to support this claim. Neither does he argue that he would suffer significant inconvenience in litigating his claim as an individual in Virginia. Indeed, Koch is a Maryland resident and could easily bring suit in Virginia.

■ Rather, he argues that litigation would be inconvenient because Virginia does not permit class actions.[5] Indeed, he states that the lack of a "class action mechanism would create a nightmare in [Virginia's] local courts if each case were to be tried individually...." (Plf.'s Opp. to Mot. to Dis. at 7.) However, "[i]nconvenience to the resisting party constitutes a ground for voiding a clause only if enforcement would effectively deprive that party of his day in court." *Mercury Coal & Coke, Inc. v. Mannesmann Pipe and Steel Corporation,* 696 F.2d 315, 317 (4th Cir.1982). Koch does not argue that the forum selection clause somehow prevents him from bringing his claim individually in Virginia.

In *Gilman,* the Maryland Court of Appeals rejected an identical argument. It found that

> [w]e are unaware of any case—and none has been cited to us—in which the unavailability of a class action procedure, either generically or in a particular case, has been regarded as sufficient to render an otherwise valid forum-selection clause unenforceable.

*Gilman,* 345 Md. at 381, 692 A.2d 454. As in *Gilman,* the plaintiff's basic contention is that, "because his personal loss is so insignificant, it is impractical for him to bring an individual action...." *Id.* at 381–82, 692 A.2d 454. And, as was the situation in that case, "[t]hat is not the kind of deficiency that will ordinarily warrant ignoring a contractual forum-selection

clause...." *Id.See also In re Lloyd's American Trust Fund Litigation,* 954 F.Supp. 656, 673 (S.D.N.Y.1997) (enforcing a forum selection clause despite the unavailability of a class action in England). Koch's attempts to distinguish *Gilman* are not persuasive. Thus, he has not met the "heavy burden of proof," *Bremen,* 407 U.S. at 17, 92 S.Ct. 1907, required to obviate a forum selection-clause on the grounds of inconvenience.

Finally, Koch argues that the forum selection clause violates the Maryland public policy in favor of "affording its residents the use of its judicial system to resolve disputes, particularly class action litigation." (Plf.'s Opp. to Mot. to Dis. at 8.) This argument was also rejected in *Gilman.* That court found that although "Maryland does have a public policy with respect to class actions ... [it] does not mandate such actions [and] does not require that a plaintiff who could file such an action do so...." *Gilman,* 345 Md. at 380, 692 A.2d 454. *See also Allen,* 94 F.3d at 928–30 (explaining that any existing public policy regarding securities is insufficient to override the parties' choice of forum). As was discussed above, dismissal of this claim does not in any way prevent Mr. Koch from bringing an individual suit in Virginia. It does not, therefore, violate Maryland's public policy in favor of allowing residents access to the judicial system.

In summary, the forum selection clause is mandatory and should, therefore, be enforced unless unreasonable. Koch has not met his burden to demonstrate that the provision is sufficiently unfair or unreasonable so as to warrant its disregard. De-

---

moval to state court in Virginia." (Plf.'s Opp. to Mot. to Dis. at 7.) Because such an injury would not be covered by the TOS, this argument is insubstantial.

5. No authority is cited by either party in support of, or opposition to, this assertion.

fendant's Motion to Dismiss, therefore, will be granted.