**Robert B. LYNCH, Sr.**

v.

**VANDERHOEF BUILDERS, et al.**

**No.  CIV.A. WMN–02–2020.**

United States District Court,
D. Maryland.

Nov. 7, 2002.

John L. Calhoun, Harvey A. Kirk, Saiontz Kirk and Miles, Baltimore, MD, for plaintiff.

Roy W. Anderson, Hr., Law Offices of Jonathan P. Stebenne, Baltimore, MD, for defendants.

### MEMORANDUM

NICKERSON, Senior District Judge.

Presently before the Court is Defendants' Motion to Transfer Based on Forum Non Conveniens (Paper No. 13). The motion has been fully briefed and is ripe for decision. Upon review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion will be granted.

### I. BACKGROUND

This case arises out of an August 4, 1999 construction site injury that occurred in Oxford, Pennsylvania. Plaintiff, a Maryland resident, was working for a concrete company assisting with residential construction when a set of steps collapsed, causing him rib fractures and contusions. Plaintiff alleges that the house was being built by Vanderhoef Builders, Inc. and/or its agents, servants, or employees, John Vanderhoef, Geroldine Vanderhoef, and Bruce Vanderhoef, all Pennsylvania residents. Plaintiff was first treated at the Emergency Room in Union Hospital in Elkton, Maryland. Plaintiff received additional treatment, including doctor visits, physical therapy, and an MRI at Concentra Medical Center in Newark, Delaware.

Plaintiff brings this action to recover damages for pain and suffering and medical expenses in the amount of two hundred and fifty thousand dollars from each named Defendant for their alleged negligence. Plaintiff initially filed suit against Defendants in the Circuit Court for Cecil County. Defendants removed the case to this Court, pursuant to 28 U.S.C. § 1441(a), on the basis of diversity jurisdiction. Defendants previously sought to transfer venue, arguing that 28 U.S.C. § 1391(a) determined venue and alleging that because all Defendants reside in Pennsylvania and all of the events Plaintiff asserts in his complaint took place in Pennsylvania, venue was proper in the United States District Court for the Eastern District of Pennsylvania. This Court denied Defendants' motion to transfer for improper venue because it was a removed action. Venue was proper pursuant to 28 U.S.C. § 1441(a), and transfer through 28 U.S.C. § 1391(a) did not apply. *See* September 19, 2002 Memorandum and Order at 2. Defendants now move to transfer the action to the United States District Court

for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a).

## II. DISCUSSION

■ Section 1404(a) provides:

(f)or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404.[1] This provision "was intended to enlarge the common law power of the court under the well-established doctrine of *forum non conveniens* and was enacted to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Dicken v. United States*, 862 F.Supp. 91, 92 (D.Md.1994)(citing *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) and *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955)). In a motion pursuant to § 1404(a), the burden is on the moving party to show that transfer to another forum is proper. *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F.Supp. 582, 592 (E.D.Va.1992).

■ In deciding whether a motion to transfer should be granted, courts are to consider the following: (1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice. *Board of Trustees, Sheet Metal Workers National Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F.Supp. 1253, 1256–62 (E.D.Va.1988). Furthermore, the decision whether to transfer is committed to the sound discretion of the district court. *Dicken*, 862 F.Supp. at 92.

### 1. Plaintiff's Choice of Venue

■ Although a plaintiff's choice of forum is ordinarily accorded considerable weight, that weight is significantly lessened when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy. *Dicken*, 862 F.Supp. at 92–93. In the instant action, the accident occurred in Pennsylvania, and any negligent acts on the part of Defendants would have also occurred in Pennsylvania. Therefore, while Plaintiff's choice of Maryland as a forum is entitled to some deference, that deference is limited.

### 2. Witness Convenience and Access

Aside from the medical witnesses, Plaintiff has identified only one potential witness who lives in Maryland, himself. Plaintiff argues that "[a]ll of [his] health care provider[s] and medical experts are located in Maryland." Pl.'s Opp. at ¶ 15. As noted above, however, Plaintiff received medical care and treatment from physicians in Maryland and Delaware hospitals. The time for the treating health care providers at the Maryland and Delaware hospitals to travel to Baltimore or Philadelphia is essentially the same, a little over an hour. *See* Defs.' Reply at ¶ 3. Defendants have not identified any potential witnesses. None of the Defendants were present at the time of the alleged accident, and the Workers Compensation First Report states that witnesses are unknown. *See* Defs.' Exh. 7, Workers Compensation— First Report of Injury or Illness. The Court finds that this factor is essentially neutral.

---

**1.** As an initial matter, the Court notes that the fact that the case was removed from the state court to this Court does not bar Defendants from seeking to have the case transferred to

another district. *See Piekarski v. Home Owners Sav. Bank*, 743 F.Supp. 38, 42 (D.D.C. 1990).

*3. Convenience of Parties*

The Court finds that this factor is essentially neutral. Due to the relative closeness of the transferor and transferee forums, neither party would be greatly inconvenienced if the litigation were to continue in either jurisdiction. The time and distance for any of the parties to travel to either Baltimore or Philadelphia are essentially the same. It would not constitute an undue burden to require Plaintiff to travel to the jurisdiction where the action arose to prosecute this lawsuit.

*4. Interest of Justice*

This last category of factors includes, *inter alia,* "the court's familiarity with applicable law." *Baylor Heating,* 702 F.Supp. at 1260. Because the alleged tort occurred in Pennsylvania, that state's law will govern Plaintiff's claim. While this Court certainly could preside over litigation involving Pennsylvania law, federal district judges sitting in Pennsylvania are undoubtedly more familiar with that law. Thus, this factor favors transfer. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)(noting public interest in having diversity cases tried in forum familiar with governing law).

### III. CONCLUSION

For the above-stated reasons, Defendant's Motion to Transfer will be granted. A separate order will issue.

### ORDER

In accordance with the foregoing Memorandum and for the reasons stated therein, IT IS this      day of November, 2002, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant's Motion to Transfer Based on Forum Non Conveniens(Paper No. 13) is hereby GRANTED;

2. That this case shall be TRANSFERRED to the United States District Court for the Eastern District of Pennsylvania; and

3. That the Clerk of the Court shall mail copies of the foregoing Memorandum and this Order to all counsel of record.