DAVIS MEDIA GROUP, INC., Plaintiff,

v.

BEST WESTERN INTERNATIONAL, INC., Defendant.

No. RDB–03–2712.

United States District Court, D. Maryland.

Feb. 12, 2004.

James B. Astrachan, Julie Rebecca Rubin, Peter H. Gunst, Astrachan, Gunst and Thomas, PC, Baltimore, MD, for The Davis Media Group, Inc., Plaintiff.

John A. Burlingame, Kara Kathleen Mather, Squire, Sanders and Dempsey, LLP, Washington, DC, for Best Western International, Inc., Defendant.

## MEMORANDUM OPINION

BENNETT, District Judge.

In this action alleging, *inter alia,* breach of contract, Defendant Best Western International, Inc. ("BWI") has moved pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure to dismiss Plaintiff Davis Media Group, Inc.'s ("DMG") Complaint for improper venue, or in the alternative, to transfer this action to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a). The basis for the Defendant's motion is a forum-selection clause contained in the parties' contract. The issues have been fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the reasons set forth below, this Court shall TRANSFER this action to the United States District Court for the District of Arizona.

## BACKGROUND

DMG, a Maryland corporation with a principal office in Baltimore, is an advertising agency whose services include creative and production supervision and media planning and purchasing. (Complaint, ¶ 3). BWI, a California corporation with its principal place of business in Arizona, is the owner of the "BEST WESTERN" mark and nationally recognized hotel chain. (Complaint, ¶ 4). BWI is responsible for BEST WESTERN's advertising.

On June 18, 2001, Plaintiff DMG and Defendant BWI entered into a contract (the "Agreement") for the performance of advertising services. (Complaint, ¶ 11). The Agreement was an eight-page document, which contained a section entitled "Governing Law, Etc." providing that:

[t]his Agreement and the performance called for hereunder, and all suits and

special proceedings brought hereunder, shall be construed in accordance with and pursuant to the laws of the State of Arizona, and shall be subject to the jurisdiction of the Courts of the State of Arizona. (Complaint Exhibit A; Agreement, ¶ 13(A)).

On September 23, 2003, DMG filed a one count Complaint in this Court alleging that BWI had breached the Agreement. On the basis of the forum-selection clause contained in the contract, BWI has moved to dismiss for improper venue or, in the alternative, for this Court to transfer this action to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a).

### CHOICE OF LAW

As Judge Blake of this Court noted in *Koch v. America Online, Inc.*, 139 F.Supp.2d 690, 692 (D.Md.2000), "[t]he initial step in analyzing the validity of a forum-selection clause is to determine whether state or federal law should be applied." As in the *Koch* case, this action is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Complaint, ¶ 1). In *Eisaman v. Cinema Grill Systems, Inc.*, 87 F.Supp.2d 446, 448 (D.Md.1999), Judge Chasanow of this Court noted that "[i]n diversity cases ... the Fourth Circuit applies state law to determine enforceability" of forum-selection clauses. (citing an unpublished table decision, *Nutter v. New Rents, Inc.*, 945 F.2d 398, 1991 WL 193490 (4th Cir. October 1, 1991)).

While the forum-selection clause references Arizona law, the Plaintiff, in opposing the subject Motion, does not concede the applicability of Arizona law in determining the enforceability of the forum-selection clause. However, it is clear that in evaluating the enforceability of forum-selection clauses, both Maryland and Arizona have adopted the federal standard as set forth by the Supreme Court in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). The Court of Appeals of Maryland, in *Gilman v. Wheat, First Sec.*, 345 Md. 361, 692 A.2d 454 (1997), adopted the *Bremen* standard after a thorough analysis. In *Societe Jean Nicolas et fils v. Mousseux*, 123 Ariz. 59, 60–61, 597 P.2d 541, 542–43 (1979), the Supreme Court of Arizona upheld a forum-selection clause based on the Supreme Court's analysis in *Bremen*. Accordingly, this Court will apply federal law in determining the validity of the forum-selection clause.

### ANALYSIS

#### A. Forum–Selection Clause

Any analysis of the enforceability of a forum-selection clause must begin with two decisions of the United States Supreme Court. In *M/S Bremen v. Zapata Off-Shore Co., supra*, the Supreme Court held enforceable a forum-selection clause in an international contract. The Court held that such a clause "should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Bremen*, 407 U.S. at 10, 92 S.Ct. 1907. In the aftermath of the *Bremen* decision, a series of cases upheld forum-selection clauses and placed the burden on the party opposing the enforcement of the clause to show that it is "unreasonable." *See, e.g., Sterling Forest Associates, Ltd. v. Barnett–Range Corp.*, 840 F.2d 249 (4th Cir.1988), *reversed on other grounds*, 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989). In upholding a forum-selection clause and remanding with instructions to the District Court to grant a motion for transfer to another federal district, the Fourth Circuit in *Sterling* reviewed a series of cases applying the *Bremen* standard. *Sterling*, 840 F.2d at 250–53. In *Carnival Cruise Lines, Inc. v.*

*Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), *modified by statute,* 46 U.S.C.App. § 183c, the Supreme Court reinforced its support for forum-selection clauses. In that case, the Supreme Court reversed the Ninth Circuit Court of Appeals and dismissed the argument that the forum-selection clause at issue had not been "freely bargained for" but was merely contained in a form contract. *Shute,* 499 U.S. at 592–95, 111 S.Ct. 1522.

This Court previously has held that only mandatory forum-selection clauses will be enforced applying the *Bremen* standard. *See Eisaman v. Cinema Grill Systems, Inc.,* 87 F.Supp.2d at 449 (citing *Florida Polk County v. Prison Health Servs., Inc.,* 170 F.3d 1081, 1083 n. 8 (11th Cir.1999); *Blanco v. Banco Indus. de Venezuela, S.A.,* 997 F.2d 974, 979 (2nd Cir.1993); *Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955, 956–57 (5th Cir.1974) (per curiam)). This Court has further defined a mandatory provision as "one containing clear language showing that jurisdiction is appropriate only in the designated forum." *Koch,* 139 F.Supp. 2nd at 693 (citing *Excell, Inc. v. Sterling Boiler and Mechanical, Inc.,* 106 F.3d 318, 321 (10th Cir.1997) (internal quotation omitted)). A permissive forum-selection clause merely permits jurisdiction in the selected forum without "precluding it elsewhere." *Id.*

▪ The forum-selection clause in the instant case states, "[t]his Agreement and the performance called for hereunder, and all suits and special proceedings brought hereunder, shall be construed in accordance with and pursuant to the laws of the State of Arizona, and shall be subject to the jurisdiction of the Courts of the State of Arizona." (Complaint Exhibit A; Agreement, ¶ 13(A)). DMG argues that the language of the forum-selection clause is permissive and serves only to prevent either party from objection on jurisdiction or venue grounds to a suit brought in Arizona. However, courts have found similar forum-selection clause language to be mandatory. *See, e.g., Sterling Forest Associates, Ltd. v. Barnett–Range Corp., supra; Gordonsville Indus. v. American Artos Corp.,* 549 F.Supp. 200, 204 (W.D.Va. 1982) ("the place for litigation shall be the Civil Court in Bochum, Germany"); *Hoes of America, Inc. v. Hoes,* 493 F.Supp. 1205, 1207 (C.D.Ill.1979) ("any court procedures shall be held in Bremen"); *Taylor v. Titan Midwest Constr. Corp.,* 474 F.Supp. 145, 146 (N.D.Tex.1979) ("venue shall be in the appropriate court having subject matter jurisdiction over the matter sitting within the county in which the principal offices of the contractor are located"); *Public Water Supply Dist. No. 1 v. American Ins. Co.,* 471 F.Supp. 1071, 1071 (W.D.Mo.1979) ("any legal action filed upon the bond shall be maintained in Mercer County, Missouri"); *Full–Sight Contact Lens Corp. v. Soft Lenses, Inc.,* 466 F.Supp. 71, 72 n. 3 (S.D.N.Y.1978) ("suit ... shall be brought in either San Diego or Los Angeles County"); *General Electric Co. v. City of Tacoma,* 250 F.Supp. 125 n. 1 (W.D.Wash.1966) ("venue ... shall be in the Superior Court of the State of Washington in and for the County of Pierce").

In *Sterling,* the Fourth Circuit Court of Appeals concluded that the following forum-selection clause was mandatory: "[t]his Agreement shall be construed and enforced in accordance with the laws of the State of California and the parties agree that in any dispute jurisdiction and venue shall be in California." *Sterling,* 840 F.2d at 250. The Court, in reaching its conclusion, reiterated established principles of contract construction, stating that clauses which "are knowingly incorporated into a contract should not be treated as meaningless." *Id.* at 251; *accord Morgan Bank v.*

*Wilson,* 164 Ariz. 535, 536–39, 794 P.2d 959, 960–63 (Ariz.Ct.App.1990) (concluding that a forum-selection clause with the language "this contract shall be construed ... and venue for any dispute arising under or in relation to this contract shall be" was enforceable and noting that "it is a well established principle of contract construction that clauses which are knowingly incorporated into a contract should not be treated as meaningless").

The *Sterling* Court went on to state that "use of the word shall generally indicates a mandatory intent unless a convincing argument to the contrary is made ... [t]his is equally true of the phrase shall be." *Id.* (internal quotation and citations omitted). The Court further opined:

> [w]e would demean the intelligence and legal ability of the drafters of the Purchase Agreement were we to hold that, when, after negotiating the issue, they wrote that the Agreement shall be "construed and enforced" in accordance with California laws and that "venue shall be in California", what they really meant was that the place in which suit may be brought "shall exist" in California and "elsewhere as well." *Id.*

The forum-selection clause in the present case should not be treated as meaningless. The logical reason for including the forum-selection clause in the Agreement was to make jurisdiction and venue exclusive to Arizona. Any other interpretation would render the clause meaningless. *See Sterling,* 840 F.2d at 251; *Morgan Bank v. Wilson,* 794 P.2d at 960–63. To hold that this language means that suit may be brought in Arizona "or elsewhere" would demean the express language of the Agreement. Again, this is consistent with other courts' holdings. *See General Electric v. Siempelkamp,* 29 F.3d 1095, 1096 (6th Cir.1994) (holding that the forum-selection clause containing the language "all

disputes arising in connection with the contract shall be at the principal place of business of the supplier" was mandatory because the words "all" and "shall" signified that jurisdiction in Germany was exclusive and mandatory); *Milk 'N' More, Inc. v. Beavert,* 963 F.2d 1342, 1343 (10th Cir.1992) (holding that the forum-selection clause containing the phrase "[t]he parties herein have mutually agreed that said lease and the purchase option agreement contained herein, where applicable, shall be governed by the laws of the State of Kansas and the parties further agree that venue shall be proper under this agreement in Johnson County, Kansas" was mandatory because "the word 'shall' generally indicates a mandatory intent"); *Mercury Coal & Coke, Inc. v. Mannesmann Pipe and Steel Corp.,* 696 F.2d 315, 316 (4th Cir.1982) (concluding that the forum-selection clause "[a]ny controversy or claim arising out of or relating to this Purchase Order or the breach thereof shall be submitted to the Supreme Court of the State of New York" was mandatory); *Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955, 956–57 (5th Cir.1974) (per curiam) (holding that a contract provision reading "[t]his agreement shall be construed and enforceable according to the laws of the State of New York and the parties submit to the jurisdiction of the courts of New York" was mandatory).

The forum-selection clause in this case is remarkably similar to those clauses noted above. The clause refers to *"all* suits and special proceedings brought," and references said suits being brought "pursuant to the laws of the State of Arizona, and *shall be* subject to the jurisdiction of the Courts of the State of Arizona." (emphasis added). In light of these facts, this Court holds that the forum-selection clause at issue is mandatory. It will accordingly be

evaluated by applying the *Bremen* standard.[1]

■ Applying that standard, this Court must determine whether enforcement of the forum-selection clause would be "unreasonable." *Bremen*, 407 U.S. at 10, 92 S.Ct. 1907; *see also Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 339 (4th Cir.2002) ("absent a showing that the chosen forum is unreasonable or was imposed by fraud or unequal bargaining power, the parties' choice should be enforced"). In *Bremen*, the Supreme Court set down the oft-quoted standard that a forum-selection clause may be found unreasonable if "(1) [its] formation was induced by fraud or overreaching"; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4)[its] enforcement would contravene a strong public policy of the forum state." *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir.1996) (citing *Bremen*, 407 U.S. at 18, 92 S.Ct. 1907).

■ There has been absolutely no evidence submitted to this Court suggesting that the Agreement is tainted by "fraud" or "overreaching." Furthermore, DMG has not demonstrated that a trial in Arizona will be so gravely difficult and inconvenient that it will be deprived of its day in court. DMG bears the burden of showing grave inconveniences that might result from a trial in Arizona, other than the mere inconvenience of traveling there. *Bremen*, 407 U.S. at 15, 92 S.Ct. 1907. The Arizona venue was contemplated by DMG when it entered into the Agreement, which contained a forum-selection clause. Additionally, "[m]ere inconvenience or ad-

ditional expense is not the test of unreasonableness since it may be assumed that [the complaining party] received under the contract consideration for these things." *Central Contracting Co. v. Maryland Casualty Co.*, 367 F.2d 341, 344 (3rd Cir. 1966). DMG argues that their witnesses and documents are located in Maryland and trial in Arizona would be inconvenient. However, BWI also argues that their witnesses and documents are located in Arizona and trial in Maryland would be inconvenient. As noted above, an alleged inconvenience to DMG is not sufficient to render the Agreement's forum-selection clause unenforceable.

With respect to inconvenience to DMG, the Supreme Court noted in *Bremen* that any inconvenience the plaintiff "would suffer by being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting." *Bremen*, 407 U.S. at 17–18, 92 S.Ct. 1907. Moreover, as this Court has noted, "increased expenses are inherent in a forum-selection clause." *Eisaman*, 87 F.Supp.2d at 452.

Finally, DMG argues the "interest of Maryland in resolving this dispute." (Plaintiff's Opposition to Defendant's Motion at 20). This type of public policy argument was rejected by the Court of Appeals of Maryland in *Gilman v. Wheat, First Sec.*, 345 Md. 361, 692 A.2d 454 (1997). In that case, the Maryland Court addressed class action litigation and rejected a public policy argument against enforcement of a forum-selection clause, despite some suggestion of Maryland public policy with respect to class actions. *Gilman*, 692 A.2d at 464.

The Plaintiff simply has failed to satisfy its "heavy burden" of demonstrating that

---

**1.** As previously noted, the Supreme Court of Arizona, in *Societe Jean Nicolas et fils v.* *Mousseux*, 123 Ariz. 59, 60–61, 597 P.2d 541, 542–43 (1979), adopted the *Bremen* test.

the enforcement of the forum-selection clause in this case is unreasonable. Accordingly, this Court shall enforce the forum-selection clause in the Agreement. This Court, however, must next conduct an analysis with respect to a dismissal of this action for improper venue or a transfer of this action to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a).

## B. Transfer of Venue

 BWI has moved to dismiss this case for improper venue or, in the alternative, for a transfer of this case to the United States District Court for the District of Arizona. In addressing the issue of proper venue in the context of a possible dismissal of the action, the "usual procedure should be transfer rather than dismissal." 15 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure, § 3827, p. 274 (2nd ed.1986); *see generally Enterprise Rent–A–Car v. Stowell*, 137 F.Supp.2d 1151 (D.Mo.2001); *Arctic Equipment of Texas, Inc. v. IMI Cornelius, Inc.*, 2001 WL 257981 (D.Tex.2001) (stating that a preference for transfer is strengthened when a forum selection clause expressly provides for venue in another district); *United States ex rel. Tech Coatings v. Miller–Stauch Constr. Co.*, 904 F.Supp. 1209 (D.Kan.1995). Transfer is more in the interest of justice than dismissal. *See Nation v. United States Government*, 512 F.Supp. 121 (S.D.Ohio 1981); *Full–Sight Contact Lens Corp. v. Soft Lenses, Inc.*, 466 F.Supp. 71 (S.D.N.Y. 1978).

This Court has noted that when considering a motion to transfer pursuant to 28

U.S.C. § 1404(a), it must consider these factors: "(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." *Lynch v. Vanderhoef Builders*, 237 F.Supp.2d 615, 617 (D.Md.2002) (citing *Board of Trustees, Sheet Metal Workers National Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F.Supp. 1253, 1256–62 (E.D.Va.1988)). The Plaintiff in this case cannot merely argue as to its own "choice of venue" in light of the mandatory forum-selection clause in the Agreement, which provides for jurisdiction in Arizona. The forum-selection clause weighs heavily in favor of transferring this action to the appropriate forum in Arizona pursuant to 28 U.S.C. § 1404(a).[2] *See Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (stating that a valid forum-selection clause is a "significant factor that figures centrally" when deciding whether to transfer a case under 28 U.S.C. § 1404(a)).

Enforcement of the forum-selection clause in this case, which is contained in the Agreement signed by the parties, "protects their legitimate expectations." *Stewart Org.*, 487 U.S. at 33, 108 S.Ct. 2239. Accordingly, this Court GRANTS the Motion to Transfer Venue to the United States District Court for the District of Arizona.

### CONCLUSION

In summary, this Court finds that the instant forum-selection clause is mandatory and should be enforced as it is not unreasonable. In the exercise of its discretion, this Court will not dismiss this action

---

**2.** In *Koch v. America Online, Inc.*, 139 F.Supp.2d 690, 692 (D.Md.2000), this Court could not transfer the action to state court in Virginia and dismissal was the only option available. *Id.* at 693 n. 3. In *Eisaman v.*

*Cinema Grill Systems, Inc.*, 87 F.Supp.2d 446, 448 (D.Md.1999), this Court dismissed without prejudice to the filing of a new action in the contractual forum. *Id.* at 452.

on grounds of improper venue, but will TRANSFER this case to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a). A separate Order will be entered accordingly.

*ORDER*

In accordance with the accompanying Memorandum Opinion, it is this 12th day of February, 2004, by the Court, ORDERED:

1. That Defendant Best Western International, Inc.'s Motion to Dismiss for Improper Venue is DENIED;

2. That Defendant Best Western International, Inc.'s Alternative Motion to Transfer Venue to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a) is GRANTED;

3. The Clerk of this Court shall transmit a certified copy of this Order, accompanying Memorandum Opinion, and Court Record herewith to the Clerk of the Court for the United States District Court for the District of Arizona–Phoenix forthwith.